INTERNATIONAL TRUCK AND ENGINE CORPORATION, Plaintiff-Appellee, v. CATERPILLAR, INC., Defendant-Appellee (Cummins, Inc., Intervenor-Appellant).

Second District    No. 2—04—0355

Opinion filed August 4, 2004.

James D. Dasso, Jeffrey A. Soble, and Amy P. Purcell, all of Foley & Lardner, L.L.P., of Chicago, for appellant.

Michael P. Padden and Lisa C. Sullivan, both of Howrey, Simon, Arnold & White, L.L.P., of Chicago, and William R. O'Brien and Robert J. Brookhiser, both of Howrey, Simon, Arnold & White, L.L.P., of Washington, D.C., for appellee Caterpillar, Inc.

Laurence H. Levin, Cary R. Perlman, and Matthew W. Walch, all of

Latham & Watkins, L.L.P., of Chicago, for appellee International Truck & Engine Corporation.

JUSTICE KAPALA delivered the opinion of the court:

This appeal comes before us on a certification of a question of law by the circuit court of Du Page County pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308). The question certified for appeal is: "What is the appropriate legal test or standard to determine whether a party to an action can obtain discovery of confidential information and documents from, and/or related to, a nonparty competitor?"

## I. BACKGROUND

Although a full recitation of the specific facts underlying the case is not necessary to a resolution of this appeal, a basic recounting of the background will be helpful. The cause of action arose when plaintiff, International Truck and Engine Corp., filed suit against defendant, Caterpillar, Inc., under several theories, claiming that defendant breached an agreement that required defendant to sell plaintiff certain types of heavy-duty truck engines at a price determined by various contractual provisions. The trial court entered a stipulated protective order that applied to confidential information that was being sought during discovery. The order provided that certain information would be designated as confidential information and that access to such information would be limited to certain persons and entities. The order also stated that certain information could be designated by a party or nonparty as for "OUTSIDE COUNSEL'S EYES ONLY," which would further limit access to the information. In the course of discovery, defendant propounded upon plaintiff a document request that requested, in part, "[a]ll documents relating to International's negotiations, agreements or anticipated supply agreements with any third party, including but not limited to Cummins *** for the supply of engines." Cummins is a competitor of defendant.

Plaintiff objected to the request but responded that it would provide the documents requested by defendant after receiving approval from the third parties involved. Plaintiff subsequently contacted Cummins and informed it of plaintiff's intent to produce the requested documents with Cummins' approval. Cummins petitioned to intervene in the case and requested a protective order. Cummins claimed that it has signed an agreement with plaintiff requiring plaintiff to seek approval from Cummins before disclosing any of Cummins' confidential information. Cummins further claimed that the documents requested by defendant were confidential commercial documents that could not be disclosed to defendant because defendant is a competitor of Cummins. The trial court granted Cummins' petition to intervene. On

January 23, 2003, after a hearing on Cummins' motion for a protective order, the court ordered that Cummins be included in the stipulated protective order and required plaintiff to produce redacted versions of some documents that contained Cummins information. The court also ordered plaintiff to bring all other Cummins-related documents to the next hearing so that it could determine what, if any, parts of those documents needed to be produced.

On January 30, 2003, plaintiff discovered that it had inadvertently disclosed unredacted Cummins-related documents. Plaintiff wrote to defendant, requesting the return of the documents. Defendant refused to return the documents. Plaintiff then filed a motion to enforce the protective order, seeking the return of the inadvertently disclosed documents. Defendant then filed a motion to modify the court's order regarding Cummins-related documents, seeking further Cummins-related documents from plaintiff. After a hearing on both motions, the court reversed its prior decision and ordered plaintiff to produce in unredacted form all documents previously produced in redacted form. The court reiterated that the documents would remain subject to the stipulated protective order with the modification that no consulting experts or retained opinion witnesses could view the documents. Furthermore, the trial court entered Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) language so that an appeal could be pursued. Cummins then appealed to this court (No. 2—03—0317). This court dismissed the appeal for lack of jurisdiction. Cummins filed a petition for rehearing, subsequent to which this court withdrew its previous order but once again found the trial court's order unappealable because it was an interlocutory order. In that order, we suggested Supreme Court Rule 308(a) (155 Ill. 2d R. 308(a)) as a vehicle to appeal the discovery order.

On March 30, 2004, the trial court stated that its order as to the discovery of Cummins' confidential information satisfied the requirements of Rule 308(a) because it presented a question of law as to which there is substantial ground for difference of opinion and because an immediate appeal from the order may materially advance the ultimate termination of the litigation. The trial court certified the question of law as stated above. Cummins then petitioned this court for leave to appeal and we granted the petition on May 13, 2004.

## II. ANALYSIS

The sole question before this court is the question certified for appeal by the circuit court, namely: "What is the appropriate legal test or standard to determine whether a party to an action can obtain discovery of confidential information and documents from and/or

related to, a nonparty competitor?" As plaintiff points out, the certified question contains two separate inquiries. First, what is the appropriate test to determine whether a party can obtain discovery of confidential information *from* a nonparty competitor? Second, what is the test to determine whether a party can obtain discovery of confidential information *related to* a nonparty competitor? We first make clear that we read both inquires as referring to confidential information pertaining to a nonparty competitor. They differ only in that the first inquiry refers to the discovery of such information directly from the nonparty competitor itself while the second inquiry refers to discovery requests directed to a party. We will not address the situation in which discovery of confidential information pertaining to a nonparty competitor is sought from a different nonparty. This question is not presented by the facts of this case. Therefore, any answer to such a question would not materially advance this litigation. It is within the above framework that we answer the certified question.

Cummins urges us to adopt the balancing test employed by the federal courts in situations involving confidential or privileged information. Defendant urges that Supreme Court Rule 201(c) (166 Ill. 2d R. 201(c)) adequately covers the situations presented by the certified question and, hence, no further test is necessary. However, defendant also states that if we find that a further test is necessary, it agrees that the balancing test proposed by Cummins is appropriate. Plaintiff states that it takes no position as to what, if any, test we should adopt but simply urges us to answer the certified question completely and clearly so that the underlying litigation can move forward expeditiously. After reviewing the relevant case law, we choose to adopt a modified version of the balancing test employed by the federal courts.

First, we address defendant's argument that Rule 201(c) provides adequate guidance to the trial court in these situations. Rule 201(c)(1) provides, in relevant part:

> "(1) *Protective Orders*. The court may at any time on its own initiative, or on motion of any party or witness, make a protective order as justice requires, denying, limiting, conditioning, or regulating discovery to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or oppression." 166 Ill. 2d R. 201(c)(1).

Defendant contends that Rule 201(c) provides a sufficient standard that is applicable to many situations. More specifically, defendant contends that the prevention of unreasonable annoyance, expense, embarrassment, disadvantage, or oppression should guide the court in deciding when a protective order should issue and the scope of such an order. According to defendant, a trial court can apply these factors just

as well in a case involving the discovery of confidential information related to a nonparty competitor as it can in any other case. As such, defendant's position is that a supplementary test is superfluous. We disagree.

The question at issue is not simply whether a protective order is appropriate, but what test should be used to determine what discovery is available regarding the type of confidential information at issue in this case. In choosing to adopt a test that defines the scope of discovery regarding confidential information, we are determining the context in which a trial court should determine when a discovery request for confidential information causes such unreasonable annoyance, expense, embarrassment, disadvantage, or oppression that justice requires denial of the discovery request. We note that the Federal Rules of Civil Procedure specifically delineate confidential commercial information as a category of information that can be protected from discovery. Fed. Rs. Civ. P. 26(c), 45(c)(3)(B)(i). We find that these rules implicitly recognize that confidential commercial information is a category of discoverable information that deserves special attention. We believe that supplemental guidance on this point will be useful to the trial court in this case and to other trial courts in future cases.

Having determined that a supplemental test is appropriate, we now turn our attention to what the test should be. Cummins has cited several federal district and circuit court of appeals cases concerning the ability of a party to discover confidential information. Some of these cases involve information that is privileged and the question presented is whether the privilege can be overcome. See, *e.g.*, *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556 (7th Cir. 1984). In fact, there is Illinois case law regarding discovery of certain types of privileged information. See, *e.g.*, *Kunz v. South Suburban Hospital*, 326 Ill. App. 3d 951 (2001) (holding that medical records of nonparties are protected by the doctor-patient privilege and are not discoverable). The question presented to us in this case does not ask for a determination in relation to privileged information, but simply confidential information of a nonparty competitor. The fact that commercial information is confidential does not necessarily give rise to an evidentiary privilege. However, the federal courts have extended the balancing test to cover situations that involve confidential commercial information. See, *e.g.*, *Greater Rockford Energy & Technology Corp. v. Shell Oil Co.*, 138 F.R.D. 530 (C.D. Ill. 1991); *Mannington Mills, Inc. v. Armstrong World Industries, Inc.*, 206 F.R.D. 525 (Del. 2002).

We find that the concerns that arise when confidential information is being sought from a nonparty competitor make a balancing test appropriate. Discovery rules are in place so that parties may obtain

the information necessary to prosecute or defend their causes of action and to reach a just result. As such, information that some entities or persons may not want disclosed may be necessary. However, there are certain types of confidential information the disclosure of which would be extremely damaging. Nonparties should be protected from disclosure when possible, since they have not put such matters in issue. Therefore, such information should not be disclosed absent a need. Thus, we find that a balancing test is the best mechanism to evaluate these two competing interests in any given case. As such, we must now determine the parameters of the balancing test.

In this regard, we find *Greater Rockford* instructive. In *Greater Rockford*, discovery was being sought from Archer-Daniels-Midland (ADM), a nonparty and a producer and seller of ethanol. *Greater Rockford*, 138 F.R.D. at 532-33. ADM objected, stating that the plaintiffs and defendants were competitors of ADM in the ethanol business and that disclosure of the requested information to the parties would seriously damage ADM's bargaining position and sale of its ethanol products. *Greater Rockford*, 138 F.R.D. at 533. In determining whether the information should be disclosed, the court stated:

" '[I]f it is established that confidential information is being sought, the burden is on the party seeking discovery to establish that the information is sufficiently relevant and necessary to his case to outweigh the harm disclosure would cause to the person from whom he is seeking the information.' " *Greater Rockford*, 138 F.R.D. at 534, quoting *Litton Industries v. Chesapeake & Ohio Ry.*, 129 F.R.D. 529, 530 (E.D. Wis. 1990), quoting *Shields Enterprises, Inc. v. First Chicago Corp.*, No. 86 C 10213 (N.D. Ill. 1988).

The court further stated that "it is not the magnitude of the potential harm that could occur from disclosure, but rather, the likelihood that such harm could occur at all." *Greater Rockford*, 138 F.R.D. at 533.

Using the test enunciated in *Greater Rockford* as a guide, we adopt the following test to apply to the discoverability of the confidential information of a nonparty competitor of a party to an action. First, the party seeking the protective order denying discovery of confidential information related to a nonparty competitor must establish that the information is indeed confidential. The trial court should determine whether information is confidential by examining both the nature of the information and the steps taken by the nonparty competitor to keep the information confidential. The more sensitive the information and the more measures employed to protect the information, the higher the likelihood that the information is confidential.

If the requested information is shown to be confidential, the burden then shifts to the party seeking discovery to show that the

relevance of and the need for the information being sought outweigh any harm caused by its disclosure. The harm to the nonparty competitor itself should always be considered. Furthermore, if the person or entity from whom production is being sought is a party, the harm to the producing party should be considered. Additionally, in a given case, there may be other parties or nonparties who claim that they are harmed by the disclosure. We leave it to the discretion of the trial court to determine how much weight to assign to such harm in balancing the considerations. Moreover, in assessing harm, we diverge from the limited approach enunciated in *Greater Rockford*. The trial court should look not only to the likelihood of whether harm will occur at all but also at the magnitude of the harm should it occur. We find such an approach more equitable, as it may be reasonable to prevent disclosure of extremely sensitive information even if the likelihood of harm, that is, disclosure to entities or persons who could use the information in a manner adverse to the nonparty competitor, is small.

If the need and relevance outweigh the harm, then the information should be produced. If the harm outweighs the relevance and need, then discovery should be denied. We note that a trial judge has discretion to allow redaction of information to the point where the balance shifts in favor of discovery or where redaction has removed all confidential information. Furthermore, a court may consider a protective order limiting access to any disclosed information when determining whether harm will be suffered and to what extent it will be suffered.

Finally, we note that both Cummins and defendant have made arguments with respect to the specific facts of this case and the applicability of the balancing test. These issues are not before us because such a question was not certified by the trial court. The trial court certified a question of law, which we have answered. Any other arguments made by the parties are irrelevant and were not considered by this court in rendering this decision.

## III. CONCLUSION

For the foregoing reasons we adopt the balancing test as set out above as the appropriate test for determining whether a party can discover confidential information related to a nonparty competitor of one of the parties.

Certified question answered.

HUTCHINSON and GROMETER, JJ., concur.