# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Payne v. Hall*, 2013 IL App (1st) 113519

---

| | |
|---|---|
| Appellate Court Caption | VERA PAYNE, as Independent Administrator of the Estate of Michael C. Payne, Deceased, Plaintiff-Appellee, v. DONALD HALL, Defendant-Appellant (CHICAGO TRANSIT AUTHORITY, a Municipal Corporation, Defendant). |
| District & No. | First District, Fifth Division<br>Docket No. 1-11-3519 |
| Filed | March 22, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from the fatal injuries suffered by plaintiff's decedent when he fell under the wheels of a city bus driven by defendant, the trial court did not abuse its discretion in denying defendant's motion for an order under Supreme Court Rule 201(c) excluding the videotapes and photographs taken by cameras on defendant's bus and a bus following him, notwithstanding defendant's argument that watching the videos and photographs would exacerbate the post-traumatic stress disorder he suffered following the incident, since granting the order would deny plaintiff an opportunity to impeach defendant if his testimony varied from what was shown by the images. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-L-13138; the Hon. Moira S. Johnson, Judge, presiding. |
| Judgment | Affirmed; contempt order vacated. |

Counsel on Appeal

Krista R. Frick, of Barker & Castro, LLC, of Chicago, for appellant.

Marc A. Taxman, of Anesi, Ozmon, Rodin, Novak & Kohen, Ltd., of Chicago, for appellee.

Panel

JUSTICE HOWSE delivered the judgment of the court, with opinion.

Presiding Justice McBride and Justice Palmer concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant, Donald Hall, a Chicago Transit Authority bus operator, appeals from the trial court's order finding him in "friendly" civil contempt pursuant to Supreme Court Rule 304(b)(5), after the trial court denied his motion for a protective order. Ill. S. Ct. R. 304(b)(5) (eff. Feb. 26, 2010). Hall sought a protective order to limit the use of videotapes and photos taken during and after the accident in the underlying wrongful death action filed by Vera Payne, as independent administrator of the estate of Michael Payne, deceased. Defendant Chicago Transit Authority is not a party to this appeal. For the following reasons, we affirm.

¶ 2                        BACKGROUND

¶ 3    On September 17, 2009, the decedent, Michael Payne, fell underneath the rear wheels of a Chicago Transit Authority (CTA) bus being driven by Hall and sustained fatal injuries. The accident was recorded by video cameras on the CTA bus driven by Hall and on the CTA bus immediately behind the bus driven by Hall. Hall has never viewed the accident videos.

¶ 4    Hall filed a motion for a protective order and to exclude the accident videos and still photos from being used during his discovery deposition and during his trial testimony. Hall alleged he suffered post-traumatic stress disorder (PTSD) as a result of the accident. In support of his motion, Hall attached the affidavits of his treating physician and licensed social worker both of whom averred, among other things, that Hall suffered from PTSD and that watching the videos would be detrimental to his physical and emotional well-being and his recovery and would compromise any gains he had experienced through treatment. Hall's motion further asserted that the videos would speak for themselves and that plaintiff was able to use them with any other witnesses, including eyewitnesses, and was able to show the videos to the jury at the time of trial.

¶ 5    On August 9, 2011, the trial court denied defendant's motion for a protective order. Hall refused to watch the video, and on September 6, 2011, he filed a request to be held in "friendly" contempt for purposes of having this issue reviewed by this court.

¶ 6      On November 9, 2011, the trial court granted Hall's motion, held him in "friendly" contempt, and ordered him to pay a fine of $1 for his failure to view the videos or still photos from the accident. This timely appeal followed.

¶ 7                                    ANALYSIS

¶ 8      On appeal, Hall contends that the trial court's discovery ruling which requires him to view videotapes and photographs from the accident was an abuse of discretion and reversal is required.

¶ 9      This is an interlocutory appeal, filed pursuant to Supreme Court Rule 304(b)(5) (Ill. S. Ct. R. 304(b)(5) (eff. Feb. 26, 2010)), after Hall refused to comply with the trial court's discovery orders, was held in contempt, and was sanctioned. Rule 304(b)(5) requires that there be "[a]n order finding a person or entity in contempt which imposes a monetary or other penalty." Ill. S. Ct. R. 304(b)(5).

¶ 10     It is well settled through our case law that the correctness of a discovery order may be tested through contempt proceedings. *Illinois Emcasco Insurance Co. v. Nationwide Mutual Insurance Co.*, 393 Ill. App. 3d 782, 785 (2009). In such cases our review of the contempt finding encompasses a review of the propriety of the underlying order upon which the contempt finding is based. *Illinois Emcasco Insurance*, 393 Ill. App. 3d at 785. The standard of review for contempt orders is abuse of discretion. *In re Marriage of Baumgartner*, 384 Ill. App. 3d 39, 62 (2008). A circuit court abuses its discretion when its ruling is " 'arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court.' " *Taylor v. County of Cook*, 2011 IL App (1st) 093085, ¶ 23, (quoting *People v. Caffey*, 205 Ill. 2d 52, 89 (2001)).

¶ 11     At issue is a ruling rendered by the trial court in its consideration of Hall's motion for protective order concerning plaintiff's use of videotapes and photographs from the accident. "[T]rial courts enjoy a great deal of latitude in determining whether a protective order is necessary." *Willeford v. Toys "R" Us-Delaware, Inc.*, 385 Ill. App. 3d 265, 272 (2008). "Thus, on appeal, we ordinarily review rulings on protective orders for an abuse of discretion." *Willeford*, 385 Ill. App. 3d at 272-73.

¶ 12     Supreme Court Rule 201(c) provides that a court may enter a protective order, either at the request of any party or even on its own motion, as justice requires, denying, limiting, conditioning, or regulating discovery to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or oppression. Ill. S. Ct. R. 201(c) (eff. July 1, 2002); *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 445 (1997). "The nature of a Rule 201(c) order depends on the facts of the particular case." *May Centers, Inc. v. S.G. Adams Printing & Stationery Co.*, 153 Ill. App. 3d 1018, 1021 (1987). "Trial courts have discretion to determine whether justice requires a protective order [and] what the parameters of the order should be." *Willeford*, 385 Ill. App. 3d at 273. The reviewing court will uphold the trial court decision on a protective order absent an abuse of discretion. *Amoco Oil Co. v. Segall*, 118 Ill. App. 3d 1002, 1013 (1983). A court abuses its discretion only if it acts arbitrarily, without the employment of conscientious judgment, exceeds the bounds of reason and ignores recognized principles of law; or if no reasonable person would take the position adopted by

the court. *Alm v. Loyola University Medical Center*, 373 Ill. App. 3d 1, 4 (2007).

¶ 13    The goal of Illinois's discovery process is full disclosure. *Schuler v. Mid-Central Cardiology*, 313 Ill. App. 3d 326, 331 (2000). "Discovery is not a tactical game but is intended to be a mechanism for the ascertainment of truth for the purpose of promoting either a fair settlement or a fair trial." *Schuler*, 313 Ill. App. 3d at 331. Trial courts are afforded wide latitude in determining the permissible scope of discovery, and their rulings on discovery matters are generally reviewed for an abuse of discretion. *Chicago's Pizza, Inc. v. Chicago's Pizza Franchise Ltd. USA*, 384 Ill. App. 3d 849, 869 (2008).

¶ 14    Here, plaintiff sought to introduce evidence of videotapes filmed from the back of Hall's bus and the front of the bus behind Hall's which captured the accident, as well as still photographs made from the video, during Hall's cross-examination. In his motion for a protective order, Hall argued that he should not be forced to view videotapes and photographs of the accident because they would aggravate his PTSD condition (which is a result of the accident), and he also produced expert testimony to support his motion. Specifically, Hall sought to exclude the accident video and still photographs from the video from being used both during his discovery deposition and during his trial testimony.

¶ 15    A Rule 201(c) motion is to prevent abuse during discovery, and the grant or denial of one requires the trial court to weight the competing needs and interests of the parties affected by a protective order. See *Hall v. Sprint Spectrum L.P.*, 368 Ill. App. 3d 820, 823-24 (2006).

¶ 16    In this case, the reason that Hall gives for requesting the limitation on the use of the videotapes and photos during his deposition–the potential for exacerbation of his PTSD condition, which was the result of the accident at issue–does not fall under any of the reasons listed for granting a protective order. As previously stated, under Rule 201(c), the trial court may enter a protective order as justice requires, denying, limiting, conditioning, or regulating discovery to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or oppression. Ill. S. Ct. R. 201(c) (eff. July 1, 2002). While there is no case directly on point, cases that have interpreted Rule 201(c) have primarily applied it in circumstances where there is the potential for the release of sensitive discoverable materials to third parties (*May Centers*, 153 Ill. App. 3d at 1021; *Bush v. Catholic Diocese of Peoria*, 351 Ill. App. 3d 588, 591 (2004)), confidential information is sought to be discovered (*International Truck & Engine Corp. v. Caterpillar, Inc.*, 351 Ill. App. 3d 576, 580 (2004)), or there is a lack of due diligence in taking discovery of witnesses (*Crose v. Crose*, 91 Ill. App. 3d 216, 220-21 (1980)). We have not found, nor has Hall argued, any case law that specifically addresses whether discovery evidence can be limited by protective order because it may exacerbate a party's medical or mental health condition.

¶ 17    In this case, the trial court considered the issues raised in Hall's motion for a protective order. The court denied Hall's motion to bar use of the video and still images during Hall's deposition because the order would unfairly deprive plaintiff of the opportunity of impeaching Hall if the account of events given in his testimony varied from what was depicted in the images. We cannot say the ruling was arbitrary, fanciful, or unreasonable or that no reasonable person would take the view adopted by the trial court. Therefore, we find that the trial court did not abuse its discretion in denying Hall's request for a protective order

under Rule 201(c).

¶ 18    The question that a reviewing court must decide in an interlocutory appeal is whether there was a sufficient showing to sustain the trial court's grant or denial of the relief sought. *Revolution Portfolio, LLC v. Beale*, 341 Ill. App. 3d 1021, 1027 (2003). In concluding that the trial court did not abuse its discretion in denying Hall's motion for a protective order under Rule 201(c), we have necessarily determined that there was a sufficient showing to sustain the trial court's decision.

¶ 19    Hall also requested that the trial court bar the use of the video and photos during his cross-examination, and has included that issue on appeal also.

¶ 20    It appears that Hall improperly combined a discovery limit request under Rule 201(c) with a motion *in limine* to bar the use of certain evidence during his cross-examination at trial. A Rule 201(c) motion limits the breadth of discovery in certain situations (Ill. S. Ct. R. 201(c)(1) (eff. July 1, 2002)), while a motion *in limine* is a pretrial motion that seeks to exclude inadmissible evidence and prohibits questions concerning such evidence (*Schuler*, 313 Ill. App. 3d at 333-34). We find that the question of whether evidence should be excluded at trial is more suited for consideration in a motion *in limine*, where the trial court can determine the admissibility of such evidence. See *Cunningham v. Millers General Insurance Co.*, 227 Ill. App. 3d 201, 205 (1992). As such, we find that it was not properly before the trial court under the umbrella of a Rule 201(c) motion and, consequently, is not properly before this court on an interlocutory appeal.

¶ 21    Based on our disposition regarding Hall's Rule 201(c) request for a protective order, we direct the circuit court to vacate the contempt order.

¶ 22                                                    CONCLUSION

¶ 23    For the foregoing reasons, the circuit court of Cook County's order denying defendant's Rule 201(c) motion is affirmed and the circuit court's order of contempt is vacated.

¶ 24    Affirmed; contempt order vacated.