2024 IL App (1st) 230702-U

THIRD DIVISION
September 25, 2024

No. 1-23-0702

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| HASSAN A. MUHAMMAD, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 19 CH 10548 |
| | ) | |
| MARIA BAILEY and KEVIN BAILEY, | ) | Honorable |
| | ) | Mary Colleen Roberts, |
| Defendants-Appellees. | ) | Judge Presiding. |
| | ) | |

_____

JUSTICE REYES delivered the judgment of the court.
Justices Martin and D.B. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Affirming the judgment of the circuit court dismissing a complaint alleging fraud and other causes of action.

¶ 2    Hassan A. Muhammad (Hassan) filed an action in the circuit court of Cook County against his wife, Maria Bailey (Maria), and Maria's adult son, Kevin Bailey (Kevin), alleging fraud and other causes of action in connection with the ownership and disposition of a building in Chicago.  In this *pro se* appeal, Hassan challenges the dismissal of the operative complaint. For the reasons discussed below, we affirm.

¶ 3                                    BACKGROUND

¶ 4      Although the record and briefs are not clear, the key facts appear to be as follows. Hassan and Maria married in 2006; Maria has a son from a prior relationship, Kevin. Maria claims that, after her separation from Hassan in 2010 or 2011, she purchased a two-story, two-unit building located in the 5900 block of South Calumet Avenue in Chicago (the property). Hassan maintains that he and Maria were each 50% owners of the property.

¶ 5      The record includes a trust agreement executed by Maria and Chicago Title Land Trust Company (Chicago Title) dated March 4, 2011, known as Trust Number 8002356703. Pursuant to the agreement, Maria transferred title of the property to the trust, and she held sole power of direction over the trust. In the event of her death, title was to vest equally in three individuals, one of whom was Kevin. The record also includes a land contract dated May 15, 2013, whereby Maria sold her beneficial interest in the property to Kevin for $250,000.

¶ 6      In September 2019, Hassan filed a complaint—and later an amended complaint—against Maria, Kevin, and Chicago Title in the circuit court of Cook County. While the litigation was pending, Maria filed a petition for dissolution of her marriage from Hassan in February 2022. Maria unsuccessfully sought to consolidate the litigation regarding the property ownership with the pending dissolution proceedings. The amended complaint was ultimately dismissed.

¶ 7      In July 2022, Hassan filed a seven-count verified second amended complaint (the operative complaint) against Maria and Kevin (but not Chicago Title). The operative complaint alleged various counts against Maria, Kevin, or both: fraud and fraudulent representation (count I); fraudulent concealment (counts II and III); fraudulent conversion (count IV); unjust enrichment (count V); fraudulent inducement (count VI); and quiet title to remove cloud on title (count VII). The crux of the operative complaint appears to be that Maria falsely represented

that Hassan was a 50% owner of the property and beneficiary of the trust, which led him to pay for renovations and other costs and to allow Maria's children to reside rent-free in the property.

¶ 8    Kevin filed a motion to dismiss the operative complaint under sections 2-615 and 2-619(a)(9) of the Code of Civil Procedure (Code) (735 ILCS 5/2-615, 2-619(a)(9) (West 2022)). Kevin asserted, in part, that Hassan failed to properly serve the operative complaint and that Hassan lacked capacity to sue, as he held no interest in the property. Kevin further argued that the operative complaint failed to state a cause of action, *e.g.*, Hassan's allegations of fraud were "based on hearsay and his own misinterpretations, inferences, and projections."

¶ 9    In an order entered on April 6, 2023, the circuit court dismissed the operative complaint with prejudice. The circuit court found that the operative complaint did not satisfy the "high standard of pleading fraud," that unjust enrichment is not a "standalone cause of action," and that the quiet title count failed to plead a cognizable cause of action. Referring to the operative complaint as "a long-winded recitation of rambling facts that do not clearly allege any discernible legal theory," the circuit court granted Kevin's dismissal motion and dismissed the operative complaint with prejudice. Hassan filed this timely appeal.

¶ 10                                    ANALYSIS

¶ 11    Hassan advances multiple arguments on appeal in support of his fundamental contention that the circuit court erred in dismissing the operative complaint with prejudice. He primarily contends that (a) the circuit court improperly dismissed the appeal in its entirety, as Maria did not file a motion to dismiss, (b) Maria judicially admitted that Hassan owned the property, and (c) the operative complaint adequately pled fraud and related claims. Kevin and Maria challenge his contentions.[1] We first address certain preliminary issues.

---

[1] Maria was allowed to join in Kevin's brief pursuant to our order of December 22, 2023.

¶ 12                                    *Preliminary Issues*

¶ 13    As an initial matter, we note that Hassan's briefs violate Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which governs the form and content of appellate briefs. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Among other things, his opening brief fails to provide a proper table of contents or a statement of the issues presented for review. Ill. S. Ct. R. 341(h)(1), (h)(3) (Oct. 1, 2020). His statement of facts does not contain the facts necessary to an understanding of the case or provide consistent references to the pages of the record on appeal. Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Certain arguments advanced by Hassan are unclear; his lack of consistent citations to the record and his use of immoderate language further impair our review. *Garland v. Sybaris Club International, Inc.*, 2014 IL App (1st) 112615, ¶ 64 (stating that "[a] reviewing court is entitled to have the issues on appeal clearly defined with pertinent authorities cited and a cohesive legal argument presented"); Ill. S. Ct. R. 341(h)(7) (Oct. 1, 2020). To the extent that Hassan includes documents in the appendix which are not part of the record on appeal, such documents shall not be considered. *Oruta v. B.E.W. & Continental*, 2016 IL App (1st) 152735, ¶ 32.

¶ 14    "[T]he Illinois Supreme Court rules are not suggestions; they have the force of law and must be followed." *Ittersagen v. Advocate Health & Hospitals Corp.*, 2021 IL 126507, ¶ 37. We note that Hassan's *pro se* status does not excuse his noncompliance with the rules. *Ammar v. Schiller, DuCanto and Fleck, LLP*, 2017 IL App (1st) 162931, ¶ 16. "A *pro se* litigant must comply with the rules of procedure required of attorneys, and a court will not apply a more lenient standard to *pro se* litigants." *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 45. While the deficiencies of a brief could justify our dismissal of an appeal (*McCann*, 2015 IL App (1st) 141291, ¶ 20), we choose not to do so here.

¶ 15    We further observe that Hassan asserts serious and potentially damaging allegations of misconduct on the part of the circuit court judge in this matter.  He claims that the judge and her staff engaged in improper *ex parte* communications with Maria and Kevin, and he maintains that the judge should have recused herself from this case.  Hassan also strongly suggests the existence of racial bias in the judge's courtroom practices.  Based on our review, we find that the appellate record is devoid of any evidence of the improper conduct described by Hassan.  See *Eychaner v. Gross*, 202 Ill. 2d 228, 280 (2002) (noting that "the party making the charge of prejudice must present evidence of prejudicial trial conduct and evidence of the judge's personal bias").  As unsupported claims may be detrimental to both the judge and, more broadly, to the administration of justice (see *In re Marriage of Wheatley*, 297 Ill. App. 3d 854, 858 (1998)), we advise Hassan to exercise caution with respect to any future court filings.  We now turn to his arguments.

¶ 16                                    *Standard of Review*

¶ 17    Hassan contends that an abuse of discretion standard of review applies to the issues herein.  The cases he cites for this contention, however, are inapposite.  *Payne v. Hall*, 2013 IL App (1st) 113519, ¶ 10 (noting that the "standard of review for contempt orders is abuse of discretion"); *Illinois Emcasco Insurance Co. v. Nationwide Mutual Insurance Co.*, 393 Ill. App. 3d 782, 785 (2009) (same).  As we are reviewing a circuit court order dismissing the operative complaint, the standard of review is *de novo*.  *Rehfield v. Diocese of Joliet*, 2021 IL 125656, ¶ 23 (stating that "[o]ur standard of review for dismissals under either section 2-615 or 2-619 is *de novo*").  "*De novo* consideration means the reviewing court performs the same analysis that a trial judge would perform."  *North Shore Community Bank & Trust Co. v. Sheffield Wellington LLC*, 2014 IL App (1st) 123784, ¶ 117.

¶ 18                         *Filing Motion to Dismiss*

¶ 19     Hassan observes that Kevin—but not Maria—filed a motion to dismiss the operative

complaint.  As the circuit court dismissed the entire operative complaint, Hassan suggests that

the ruling *vis-à-vis* Maria was improper, given her failure to file a separate dismissal motion.

We reject this contention.  The sole authority cited by Hassan for this contention, *Boatmen's*

*National Bank of Belleville v. Direct Lines, Inc.*, 167 Ill. 2d 88, 99 (1995), supports a wholly

different proposition, *i.e.*, "a party who files an amended pleading waives any objection to the

trial court's ruling on the former complaints."  In this case, Hassan was put on notice that the

counts against Maria were being challenged, as the motion to dismiss filed by Kevin was

directed to the entire complaint and Maria filed an affidavit in support of the motion.

Furthermore, as evidenced by his response to the dismissal motion and his motion to strike the

affidavits, Hassan was provided an opportunity to be heard.  In any event, we note that Illinois

courts have repeatedly upheld the authority of a circuit court to dismiss a complaint *sua sponte*.

*E.g.*, *Mason v. Snyder*, 332 Ill. App. 3d 834, 842 (2002) (discussing a court's "inherent authority

to control their courtrooms and their dockets"); *Rhodes v. Mill Race Inn, Inc.*, 126 Ill. App. 3d

1024, 1028 (1984) (finding that the trial court properly dismissed a count on its own motion).

¶ 20                          *Judicial Admissions*

¶ 21     Hassan also claims that Maria's statements in three different contexts constituted judicial

admissions that he was an owner of the property.  First, Hassan references a 2013 lawsuit filed

against a contractor who performed work at the property; Hassan does not provide details

regarding the litigation.  According to Hassan, Maria testified at trial in that case that she and

Hassan were the owners of the property.  Second, Hassan maintains that he was listed as an

owner on the homeowners' insurance policies with respect to the property.  Third, Hassan alleges

that he and Maria applied for flood relief funding from the Federal Emergency Management Agency (FEMA) relating to damage to the property.

¶ 22    A judicial admission is a clear, deliberate, and unequivocal statement by a party regarding a concrete fact within that party's knowledge. *1550 MP Road LLC v. Teamsters Local Union No. 700*, 2019 IL 123046, ¶ 37. "Judicial admissions include admissions made in pleadings, testimony in open court, stipulations, and in response to requests to admit." *In re Estate of Ivy*, 2019 IL App (1st) 181691, ¶ 64. If a fact is judicially admitted, the adverse party need not submit any evidence on that point; the admission serves as a substitute for proof at trial. *North Shore Community Bank*, 2014 IL App (1st) 123784, ¶ 102. See also *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 25 (noting that a court ruling on a section 2-615 motion only considers: "(1) those facts apparent from the face of the pleadings, (2) matters subject to judicial notice, and (3) judicial admissions in the record").

¶ 23    Hassan claims that Maria admitted he was an owner of the property when testifying at a trial in a 2013 lawsuit against a building contractor. As an initial matter, we observe that Hassan does not direct us to any pages in the record where this testimony is provided. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (requiring citation to the pages of the record relied on). See also *Atlas v. Mayer Hoffman McCann, P.C.*, 2019 IL App (1st) 180939, ¶ 33 (noting that a reviewing court is not a repository into which an appellant may dump the burden of research and argument). We further note that we would need to review Maria's entire testimony to assess whether it was equivocal, "as the determination depends on an evaluation of all the testimony not just a part of it." *Ivy*, 2019 IL App (1st) 181691, ¶ 65. As the appellant, Hassan has the burden of providing a complete record—which he has not done—and any doubts arising from deficiencies in the record will be resolved against him. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-

92 (1984). Even if we were provided Maria's complete testimony in the other action, any statements regarding the property ownership arguably cannot be the subject of a judicial admission given that "parties cannot judicially admit the legal effect of the facts adduced." *Royalty Farms, LLC v. Forest Preserve District of Cook County*, 2017 IL App (1st) 161409, ¶ 26. See also *1550 MP Road LLC*, 2019 IL 123046, ¶ 37 (noting that "legal issues cannot be judicially admitted and, instead, are questions for the court to decide").

¶ 24    Hassan's inclusion on the property insurance policy and the FEMA documentation are simply not judicial admissions. Among other things, such "admissions" were not made under oath and are not the kind of deliberate, clear, and unequivocal statements which may qualify as a judicial admission. *Garland*, 2014 IL App (1st) 112615, ¶ 80; see also *North Shore Community Bank*, 2014 IL App (1st) 123784, ¶ 103 (noting that the purpose of a judicial admission is to remove the temptation to commit perjury).

¶ 25                                *Fraud Claims*

¶ 26    Hassan also challenges the determination of the circuit court that his fraud claims were not adequately pled. See 735 ILCS 5/2-615 (West 2022). The operative complaint includes, in part, allegations of fraudulent representation, fraudulent concealment, and fraudulent inducement. These causes of action are forms of common law fraud. *E.g.*, *Avon Hardware Co. v. Ace Hardware Corp.*, 2013 IL App (1st) 130750, ¶ 15 (noting that fraudulent inducement is a form of common law fraud); *Hirsch v. Feuer*, 299 Ill. App. 3d 1076, 1085-86 (1998) (stating that fraudulent misrepresentation and fraudulent concealment are forms of common law fraud).

¶ 27    "To state a cause of action for common-law fraud, a plaintiff must plead: (1) a false statement of material fact; (2) knowledge or belief by the defendant that the statement was false; (3) an intention to induce the plaintiff to act; (4) reasonable reliance upon the truth of the

statement by the plaintiff; and (5) damage to the plaintiff resulting from this reliance." *Avon Hardware*, 2013 IL App (1st) 130750, ¶ 15. As Illinois is a fact-pleading state, conclusions of law and conclusory factual allegations unsupported by specific facts are not deemed admitted. *Time Savers, Inc. v. LaSalle Bank, N.A.*, 371 Ill. App. 3d 759, 767 (2007). A particularly high standard of specificity is required for fraud-based claims. *Merrilees v. Merrilees*, 2013 IL App (1st) 121897, ¶ 30. A plaintiff must at least plead with sufficient particularity facts which establish the elements of fraud, including what representations were made, who made them, when they were made, and to whom they were made. *Id.* ¶ 15. See also *Board of Education of City of Chicago v. A, C & S, Inc.*, 131 Ill. 2d 428, 457 (1989) ("pleadings must contain specific allegations of facts from which fraud is the necessary or probable inference").

¶ 28    In this case, the allegations of the operative complaint are insufficient to establish a cause of action for fraud. Certain allegations are conclusory and lacking in the required specificity for a fraud claim, *e.g.,* "Defendant Maria Bailey's statements and assertions repeated many times, that defendant Maria Bailey had, in fact, arrange [*sic*] for and place [*sic*] the Property in a trust listing the Plaintiff and Defendant Maria Bailey as the only and sole beneficiaries was a false statements [*sic*] of material facts that was knowingly false statements made to the Plaintiff." Furthermore, to establish common law fraud, the plaintiff must have reasonably relied on the truth of the defendant's representation. *Avon Hardware*, 2013 IL App (1st) 130750, ¶ 15. Hassan alleged in the operative complaint that he and Maria purchased the property and that he "is a 50% owner" of the property. To the extent that his purported past or present ownership of the property would be a matter of public record, Hassan is unable to plead reasonable reliance as a matter of law. *E.g., Hachem v. Chicago Title Insurance Co.*, 2015 IL App (1st) 143188, ¶ 27 (noting that "[i]t is the duty of a purchaser of land to examine the record and he is chargeable

with notice of whatever is shown by the record); *Skrodzki v. Sherman State Bank*, 348 Ill. 403, 408 (1932) (observing that the "records of the recorder's office are public records and open alike to all parties").

¶ 29                                          *Other Arguments*

¶ 30     Hassan's remaining claims are unavailing.  He has forfeited any argument regarding the dismissal of the quiet title count in the operative complaint by failing to raise such issue in his opening brief.  See *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 22; Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (providing that "[p]oints not argued are forfeited").  As to the dismissal of his unjust enrichment claim, he contends on appeal that "[u]njust enrichment is not an independent cause of action."  To the extent that unjust enrichment is not a separate cause of action, the claim was properly dismissed where the underlying claims—*i.e.*, the fraud claims— are deficient.  See *Ash v. PSP Distribution, LLC*, 2023 IL App (1st) 220151, ¶ 43.  Finally, Hassan's reliance on the "unclean hands doctrine" is misplaced.  Under this doctrine, "a party who has been guilty of misconduct, fraud, or bad faith in connection with the matter in dispute is prohibited from coming to court and asking for equitable relief."  *Jackson v. Board of Election Commissioners of City of Chicago*, 2012 IL 111928, ¶ 26.  As neither Maria nor Kevin appear to have requested equitable relief herein, the unclean hands doctrine is inapplicable.

¶ 31                                          CONCLUSION

¶ 32     For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed in its entirety.

¶ 33     Affirmed.