Murray Winitt, Appellee, v. Edith Lane Winitt, Appellant.

Gen. No. 44,814.

Opinion filed November 16, 1949. Released for publication December 14, 1949.

PHILIP P. SACHS and PAUL E. THURLOW, both of Chicago, for appellant.

IRVING G. ZAZOVE and ISADORE WOLF, both of Chicago, for appellee; IRVING G. ZAZOVE, of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a Forcible Detainer action by the sole heir of a deceased owner of a building to gain possession of an apartment occupied by a former wife of the plaintiff's father. Trial without a jury resulted in the finding and judgment for plaintiff. Defendant has appealed.

Plaintiff's father bought the building June 1, 1948, and died October 21, 1948, leaving plaintiff as sole heir. The father had been divorced when he married defendant in June 1936. She divorced him in October 1936. Thereafter she resumed living with him as his companion and was living with him in the apartment when he died. Plaintiff demanded possession by notice November 15, 1948. Defendant refused to deliver up possession and this suit followed.

In her Defence defendant claims that she rendered services to plaintiff's father at his request in lieu of rent and was put in possession of the apartment in consideration of those services. Furthermore she claimed ownership under an alleged oral agreement with decedent under which he was to will her all of his property. She attached to this pleading a copy of her claim to decedent's estate in the Probate Court. In the

76

claim she alleged that her romance with decedent began in 1928 and she began living with him in 1930; that this latter relationship began as a result of an agreement to make her his sole beneficiary in return for her services and companionship; that following their marriage and divorce, she began living with him on a renewal of the agreement; and that he breached his agreement by failing to provide for her and she suffered damages of $50,000.00.

The contentions raised here are that plaintiff was not a proper party plaintiff, never having had actual possession of the property in question; that defendant was not properly served with notice in accordance with the United States Housing and Rent Act of 1947; and that the filing of her claim in the Probate Court established an equitable lien in defendant's favor thereby rendering this action a test of conflicting claims of title in which the appropriate action is not Forcible Detainer.

 To sustain the first contention defendant relies upon *Whitehill v. Cooke,* 140 Ill. App. 520. We agree with plaintiff that that case does not control our decision. Its "obiter" on which defendant relies that a plaintiff's prior possession is essential to an action under clause 2 of section 2 of the Forcible Detainer Act has been repudiated. *Personal Home Mtg. Co. v. Seegrin,* 275 Ill. App. 419. In an action of Forcible Detainer, as contrasted with one of Forcible Entry and Detainer, it is not necessary for a plaintiff to have had possession or defendant to have received possession from him. *The West Side Trust and Savings Bank v. Lopoten,* 358 Ill. 631. This action is under clause 2 of section 2 since defendant's entry was peaceable. It is properly maintained by plaintiff who succeeded to the rights of his father in whose possession the apartment was when defendant entered. *The West Side Trust and Savings Bank v. Lopoten,* 358 Ill. 631.

 Plaintiff admits that he did not comply with the provisions of the United States Housing and Rent Act. In her Defence defendant repudiated any relationship of Landlord and Tenant by claiming ownership of the building. *Herrell v. Sizeland,* 81 Ill. 457. The Housing and Rent Act therefore had no application. The Court sustained objections to defendant's testimony about services rendered by her to plaintiff's father as bearing on her tenancy and rejected an offer of proof to show that she was entitled to sixty days' notice. In view of our holding that defendant has repudiated the Landlord and Tenant relation we think the Court ruled properly.

██ Forcible Detainer under clause 2 of section 2 of the Act is proper where the relationship of Landlord and Tenant does not exist. *Thomasson v. Wilson,* 146 Ill. 384. The parties agree that questions of title cannot be decided in a Forcible Detainer action. Defendant contends, accordingly, that having established an equitable lien by her Probate Court claim, the Forcible Detainer action does not lie. An equitable defense is not available under this action. *St. Louis National Stock Yards v. Wiggins Ferry Company,* 102 Ill. 514. There is no merit in this contention.

For the reasons given the judgment is affirmed.

*Judgment affirmed.*

LEWE, P. J., and BURKE, J., concur.