2021 IL App (2d) 200341-U
No. 2-20-0341
Order filed June 22, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Morgan Stanley Ixis Real Estate Capital Trust 2006-2 Mortgage Pass Through Certificates, Series 2006-2, | ) ) ) ) ) ) | Appeal from the Circuit Court of Du Page County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15-CH-1001 |
| DAVID M. LAZ, PAMELA J. LAZ, GREEN TRAILS IMPROVEMENT ASSOCIATION, VILLAGE OF LISLE, DU PAGE COUNTY PUBLIC WORKS, ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION, UNKNOWN OWNERS and NONRECORD CLAIMANTS, | ) ) ) ) ) ) ) ) ) | |
| Defendants | ) ) | Honorable Bonnie M. Wheaton, |
| (David M. Laz, Defendant-Appellant). | ) | Judge, Presiding. |

_____

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Jorgensen and Hudson concurred in the judgment.

**ORDER**

¶ 1     *Held*: Repeal of statute did not deprive the trial court of jurisdiction over motion to reconsider the dismissal of the foreclosure case. The plaintiff had standing to bring

this foreclosure action. The trial court did not err in confirming the sale of the foreclosed property.

¶ 2    The plaintiff, Deutsche Bank National Trust Company, filed a foreclosure suit against the defendant, David M. Laz. Laz raised the affirmative defense that Deutsche Bank lacked standing at the time it filed the suit. The trial court found that Deutsche Bank had standing and granted summary judgment in its favor on the affirmative defense. The parties then filed cross-motions for summary judgment on the foreclosure complaint. The trial court granted summary judgment in favor of Deutsche Bank on the complaint. Laz appeals *pro se* from these orders. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    In 2006, Laz entered into a home mortgage loan with Accredited Home Lenders, Inc. The loan was secured with a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Accredited Home Lenders, Inc. The mortgage encumbered the property known as 2110 Babst Court in Lisle. In 2008, Laz defaulted under the terms of the note and mortgage. In July 2010, Laz filed for relief under chapter 7 of the U.S. Bankruptcy Code (11 U.S.C. § 727 (1990)). In August 2010, Laz was dismissed from the bankruptcy proceeding, and the case terminated in September 2010. Laz's debt was not discharged.

¶ 5    On May 28, 2015, Deutsche Bank filed a foreclosure action against Laz. In its complaint, Deutsche Bank alleged that it was the current legal holder of the indebtedness and that Laz had been in default since September 2008. Copies of the note and the mortgage were attached to the complaint as exhibits. The note bore an in-blank endorsement, designated as an allonge to the note, signed by Nancy Montoya as assistant secretary of Accredited Home Lenders. An amended complaint was later filed to clarify that Laz was personally liable for any deficiency judgment. The record shows that an assignment of mortgage to Deutsche Bank from MERS, as nominee for

Accredited Home Lenders, was recorded in November 2008, and a corrected assignment of mortgage was recorded in March 2014.

¶ 6    Laz filed an answer and affirmative defenses.  He later filed amended affirmative defenses. His first affirmative defense, which is the only one relevant to this appeal, was that Deutsche Bank lacked standing because the endorsement of the note was an invalid forgery.  Laz noted that the endorsement was putatively signed by Montoya, as assistant secretary for Accredited Home Lenders.  He attached an affidavit from Montoya in which she asserted that, while she was employed by Accredited Home Lenders at the time of the endorsement, she was not an assistant secretary and she did not execute the endorsement on the note.

¶ 7    On December 2, 2015, the trial court entered an order addressing various issues not related to this appeal.  That order also indicated that Deutsche Bank had produced the original note in court on that date.

¶ 8    Thereafter, Laz filed a motion to dismiss the complaint, pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2014)), arguing that the complaint should be dismissed because he was never sent a grace period notice as required by section 15-1502.5 of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1502.5 (West 2014)).  Section 15-1502.5, which is commonly known as the Homeowner Protection Act (Act) (735 ILCS 5/15-1502.5 (West 2014)), became effective on April 6, 2009 (Pub. Act 95-1047, § 35 (eff. Apr. 6, 2009) (adding 735 ILCS 5/15-1502.5)).  Under the Act, lenders were required to provide owners of single-family, owner-occupied properties with a grace period notice prior to filing a complaint in foreclosure.  735 ILCS 5/15-1502.5(c) (West 2014).  The grace period notice informed the borrower of various resources for counseling and possible loan modification.  *Id.*

¶ 9    Deutsche Bank filed a response arguing that Laz was not entitled to a grace period notice because he had filed a bankruptcy petition. Section 15-1502(b) provided that a grace period notice was not required if a mortgagor had filed a petition for relief under the United States Bankruptcy Code. 735 ILCS 5/15-1502.5(b) (West 2014). On June 6, 2016, the trial court entered an order dismissing the case without prejudice, finding that Laz's filing of a bankruptcy petition, which was dismissed without discharge five years prior to the filing of the present foreclosure complaint, did not relieve Deutsche Bank's requirement to send a grace period notice.

¶ 10    On July 1, 2016, Deutsche Bank filed a motion to reconsider, arguing that the trial court misapplied the law when it found that Deutsche Bank was required to send a grace period notice. Deutsche Bank argued that Laz filed for bankruptcy and that section 15-1502.5 of the Foreclosure Law clearly stated that a grace period notice was not required when a mortgagor has filed for bankruptcy, even if the filing was years prior to the foreclosure action.

¶ 11    Also on July 1, 2016, section 15-1502.5 was repealed removing both the grace period notice requirement and the exception for homeowners who had filed in bankruptcy. The repeal was effective that same date. See 735 ILCS 5/15-1502.5(k) (West 2014).

¶ 12    On August 12, 2016, the trial court granted Deutsche Bank's motion to reconsider, vacated the order dismissing the complaint, and denied Laz's motion to dismiss the complaint. The trial court's reasoning is not known as the record does not include any report of proceedings.

¶ 13    In December 2016, Deutsche Bank moved for summary judgment on Laz's affirmative defenses. Deutsche Bank argued that it was entitled to judgment as a matter of law on the issue of standing because it possessed the original endorsed note. The parties also filed cross-motions for summary judgment on the amended complaint to foreclose.

¶ 14    On February 24, 2017, the trial court granted summary judgment in favor of Deutsche Bank on Laz's affirmative defense regarding standing.  On March 9, 2018, the trial court denied Laz's motion for summary judgment and granted Deutsche Bank's motion for summary judgment on the foreclosure complaint.  On that same date, the trial court entered a judgment for foreclosure and sale.

¶ 15    Deutsche Bank was the highest bidder at the foreclosure sale.  Deutsche Bank filed a motion to confirm the sale.  Laz filed a motion to vacate the judgment of foreclosure, arguing that it was void given that the grace period notice statute was repealed as of July 1, 2016.  On March 9, 2020, the trial court confirmed the foreclosure sale and denied Laz's motion to vacate.

¶ 16    On April 8, 2020, Laz filed a motion to reconsider the confirmation of sale.  In relevant part, Laz argued that section 15-1503 of the Code was unconstitutional because it offered a remedy to foreclosure defendants in Chicago which was not offered to foreclosure defendants in other municipalities.  The trial court denied the motion to reconsider, and Laz filed a timely notice of appeal.

¶ 17                                    II. ANALYSIS

¶ 18    Laz's first contention on appeal is that the trial court erred in vacating its June 6, 2016, dismissal order and conducting further proceedings after that date.  Laz argues that once section 15-1502.5 of the Foreclosure Law was repealed on June 30, 2016, the trial court was deprived of jurisdiction to modify the June 2016 dismissal order.  The issue of whether the trial court had subject matter jurisdiction over the proceedings is reviewed *de novo*.  *In re Marriage of Chrobak*, 349 Ill. App. 3d 894, 897 (2004).  In addition, to the extent the argument on appeal concerns statutory interpretation, that, too, is a question of law to be reviewed *de novo*.  See, *e.g.*, *Carter v. SSC Odin Operating Co.*, 237 Ill. 2d 30, 39 (2010).

¶ 19    Laz's challenge to the trial court's jurisdiction is without merit.  Our supreme court has unequivocally held that "[w]ith the exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002).  Under *Belleville Toyota*, the repeal of section 15-1502.5 did not deprive the trial court of subject matter jurisdiction over Laz's case.  Here, Deutsche Bank filed a motion to reconsider the trial court's June 2016 order and the trial court thus had continuing jurisdiction over the matter.  *Dus v. Provena St. Mary's Hospital*, 2012 IL App (3d) 091064, ¶ 14 n.2 (as a general matter, a trial court retains jurisdiction to reconsider judgments and orders within 30 days of their entry).

¶ 20    In arguing that the trial court did not have jurisdiction to reconsider the June 2016 dismissal order, Laz relies on *U.S. Bank, N.A. v. Coe*, 2017 IL App (1st) 161910.  In that case, the foreclosure action was filed in 2012 and the order confirming the sale was entered in June 2016.  The mortgagors filed an appeal on July 7, 2016, challenging the trial court's order approving the foreclosure sale of their property on the basis that they did not receive a grace period notice.  The reviewing court affirmed the trial court's order confirming the sale.

¶ 21    In affirming the confirmation order, the reviewing court addressed the repeal of section 15-1502.5 as follows:

> "[T]he plain language of the statute expressly repeals the Act, which was itself a special statutory remedy intended to provide homeowners with some protection prior to a suit in foreclosure being initiated against them.  *** Moreover, we observe that the Act does not contain a special saving clause.  *** Thus it follows that, '[t]he unconditional repeal of a special remedial statute without a saving clause stops all pending actions where

the repeal finds them. If final relief has not been granted before the repeal goes into effect it cannot be granted afterwards, even if a judgment has been entered and the cause is pending on appeal.' " *Id.* ¶ 13 (quoting *People ex rel. Eitel v. Lindheimer*, 371 Ill. 367, 373 (1939).

The reviewing court held that the mortgagors had no vested right to receive a grace period notice pursuant to the Act and that when a statute has been repealed, a reviewing court must dispose of the case based on the law in effect at the time of its decision. *Id.* ¶¶ 9, 18. Accordingly, the reviewing court held that when the mortgagors filed their appeal on July 7, 2016, they no longer had any recourse under the Act because the Act had been repealed. *Id.* ¶ 19.

¶ 22    Laz's reliance on *Coe* is misplaced as that case actually supports the trial court's decision. Under *Coe*, where a statute is expressly repealed and does not contain a savings clause, that statute has no effect on any cases that remain pending following the date of repeal. *Id.* at ¶ 9. Any ruling based on the ineffective statute only stands as to cases that are past and closed. *Id.* Here, Laz's case was not past and closed. The trial court had continuing jurisdiction to rule on the case when the plaintiff filed a timely motion to reconsider the trial court's June 2016 order. When the trial court ruled on the motion to reconsider, it was required to apply the law at the time of its decision. *Id.* ¶ 9; see also *Hogan v. Bleeker*, 29 Ill. 2d 181, 184-85 (1963) ("Where a statute giving a special remedy is amended without a savings clause in favor of pending actions, all actions affected must be decided in conformity to the law then existing, both in the trial and [a]ppellate [c]ourts, without regard to whether the actions accrued before or after such change, or whether action had been previously instituted."). At the time the trial court ruled on the motion to reconsider, a grace period notice was no longer required as the Act had been repealed. Accordingly, under *Coe*, the trial court properly granted the motion to reconsider and vacated the dismissal order.

¶ 23    Laz's second contention on appeal is that the trial court erred in denying his motion to reconsider the confirmation of the judicial sale on the basis that section 15-1503 of the Foreclosure Law was unconstitutional.  In his motion to reconsider, Laz argued that the statute contained certain notice requirements for municipalities with populations exceeding 2,000,000 and provided certain remedies for failing to meet the specified notice requirements.  He noted that the statute did not provide the same remedy to those in municipalities where the population was less than 2,000,000.  Laz raised this argument challenging the constitutionality of section 15-1503 for the first time in his motion to reconsider.

¶ 24    The purpose of a motion to reconsider "is to bring to the trial court's attention newly discovered evidence not available at the time of the first hearing, changes in the law, or errors in the previous application of existing law to the facts at hand."  *River Village I, LLC v. Central Insurance Cos.*, 396 Ill. App. 3d 480, 492 (2009).  An argument raised for the first time in a motion to reconsider is deemed forfeited. See, *e.g.*, *Evanston Ins. Co. v. Riseborough*, 2014 IL 114271, ¶ 36 (finding the defendant forfeited argument raised for the first time in a motion to reconsider); *American Chartered Bank v. USMDS, Inc.*, 2013 IL App (3d) 120397, ¶ 13 ("Issues cannot be raised for the first time in the trial court in a motion to reconsider and issues raised for the first time in a motion to reconsider cannot be raised on appeal."); see also *Sewickley, LLC v. Chicago Title Land Trust Co.*, 2012 IL App (1st) 112977, ¶¶ 35-37.  Because Laz raised this argument for the first time in his motion to reconsider, it is forfeited and cannot be raised on appeal.  *Id.*

¶ 25    Even absent forfeiture, Laz's argument would still fail.  A trial court's disposition of a motion to reconsider that is based on new evidence, facts, or legal theories not presented in prior proceedings is reviewed for an abuse of discretion.  *Horlacher v. Cohen*, 2017 IL App (1st) 162712, ¶ 80.  An abuse of discretion occurs only when the court acts so arbitrarily that no

reasonable person would take the court's position. *Payne v. Hall*, 2013 IL App (1st) 113519, ¶ 12. Here, there is no transcript of proceedings included in the record on appeal. It was Laz's burden, as appellant, to provide a complete record on appeal. *Rock Island County v. Boalbey*, 242 Ill. App. 3d 461, 462 (1993). In the absence of such a record, we presume that any order entered by the trial court was in conformity with the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). Any doubts which may arise from the incompleteness of the record must be resolved against the appellant. *Id.* Accordingly, even absent forfeiture, we would presume that the trial court's determination, confirming the judicial sale, was in conformity with the law.

¶ 26 Laz's next contention on appeal is that the trial court erred in entering summary judgment in favor of Deutsche Bank on his affirmative defense challenging Deutsche Bank's standing. Summary judgment is appropriate only where the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lazenby v. Mark's Construction, Inc.*, 236 Ill. 2d 83, 93 (2010). We review *de novo* a grant of summary judgment. *Metropolitan Life Insurance Co. v. Hamer*, 2013 IL 114234, ¶ 17. The issue of standing presents a question of law and is also subject to *de novo* review. *Malec v. City of Belleville*, 384 Ill. App. 3d 465, 468 (2008).

¶ 27 "The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit." *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 262 (2004). Under the Foreclosure Law, a foreclosure action may be brought by (1) the legal holder of an indebtedness secured by a mortgage, (2) any person designated or authorized to act on behalf of such holder, or (3) an agent or successor of a mortgagee. 735 ILCS 5/15-1208, 15-1501 (West 2014); *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1,

7 (2010). A *prima facie* case for foreclosure is established if the complaint conforms to the requirements set forth in section 15-1504(a) of the Foreclosure Law (735 ILCS 5/15-1504(a) (West 2008)) and the mortgage and note are attached. *Barnes*, 406 Ill. App. 3d at 6. If this is done, the burden shifts to the mortgagor to prove lack of standing. *Parkway Bank and Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24.

¶ 28     In the present case, Laz does not dispute that Deutsche Bank established a *prima facie* case of standing by complying with the requirements of section 15-1504(a) of the Foreclosure Law and by attaching a copy of the note, mortgage, and allonge to its complaint. See 735 ILCS 5/15-1504(a) (West 2014); Ill. S. Ct. R. 113(b) (eff. May 1, 2013). A mere attachment of a note to a complaint is *prima facie* evidence that the plaintiff owns the note. *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24. Laz argues that he rebutted the *prima facie* case of standing through Montoya's affidavit. Laz argues that Montoya's affidavit establishes that the allonge is invalid and that Deutsche Bank lacks standing.

¶ 29     Laz's challenge to Deutsche Bank's standing is without merit. Under Illinois law, a note may be enforced by the holder of the instrument or a non-holder in possession of the instrument who has the rights of a holder. See 810 ILCS 5/3-301 (West 2014). Furthermore, "Illinois does not require that a foreclosure be filed by the owner of the note and mortgage." *Barnes*, 406 Ill. App. 3d at 7 (Illinois law permits a plaintiff to bring a foreclosure action even if it does not own the note at issue but can prove that it acquired the holder's rights to repayment as the mortgagee). Laz does not dispute that Deutsche Bank attached a copy of the note and mortgage to the complaint and later produced the original note in court. By doing so, Deutsche Bank validated that it was a non-holder in possession of the note. *U.S. Bank Trust National Association for Queen's Park Oval Asset Holding Trust v. Lopez*, 2018 IL App (2d) 160967, ¶ 23. Further, the assignment of the

mortgage from MERS to Deutsche Bank showed that Deutsche Bank had the right to enforce the note. *Id.* Accordingly, regardless of whether the endorsement of the note by Montoya was valid, Deutsche Bank established standing as a non-holder in possession of the note who had the rights of a holder. *Id.*

¶ 30    Laz argues that Deutsche Bank has not proven that it is a non-holder in possession because, in its amended complaint, it pleaded only that it was the legal holder of the indebtedness. This argument is unpersuasive. While a plaintiff in a foreclosure case must allege in the complaint, as a pleading requirement, the capacity in which the plaintiff brings the action to foreclose (see 735 ILCS 5/15-1504(a)(3)(N) (West 2014)), a plaintiff is not required to plead proof of standing. *Barnes*, 406 Ill.App.3d at 6. The pleadings in the complaint do not affect Deutsche Bank's standing, as it had the rights of a holder.

¶ 31    Laz's final contention on appeal is that the trial court erred in confirming the judicial sale because the required public notices did not comply with section 15-1507 of the Foreclosure Law (735 ILCS 5/15-1507 (West 2014) (requiring public notice of sale and setting forth the requisite guidelines). Section 15-1507(c)(1)(A) requires that the public notice of sale include "the name, address and telephone number of the person to contact for information regarding the real estate." *Id.* § 1507(c)(1)(A). Section 15-1507(c)(2) requires that the public notice of the sale be, in relevant part, as follows:

> "The notice of sale shall be published *** by: (i)(A) advertisements in a newspaper circulated to the general public in the county in which the real estate is located, in the section of that newspaper where legal notices are commonly placed and (B) separate advertisements in the section of such a newspaper * * * in which real estate other than real

estate being sold as part of legal proceedings is commonly advertised to the general public

\* \* \*." *Id.* § 15-1507(c)(2).

Laz argues that the notice was not sufficient because (1) the certificates of publication filed in the trial court by Deutsche Bank do not indicate that the notices were placed in both the legal section and the real estate sections of the newspaper, and (2) the notice did not include the name of a person to contact about the real estate. Laz argues that because the public notices were deficient, the trial court should have denied the motion for confirmation of the judicial sale.

¶ 32    A trial court's approval of a judicial sale is reviewed for an abuse of discretion. *CitiMortgage, Inc. v. Bermudez*, 2014 IL App (1st) 122824. ¶ 57. A trial court abuses its discretion when its ruling rests on an error of law or where no reasonable person would take the view adopted by the court. *Id.*

¶ 33    Section 15-1508(b) of the Foreclosure Law, which governs the confirmation of judicial sales, provides:

"Upon motion and notice in accordance with court rules applicable to motions generally, which motion shall not be made prior to sale, the court shall conduct a hearing to confirm the sale. Unless the court finds that (i) a notice [of the sale] \* \* \* was not given, (ii) the terms of sale were unconscionable, (iii) the sale was conducted fraudulently or (iv) justice was otherwise not done, the court shall then enter an order confirming the sale." 735 ILCS 5/15-1508(b) (West 2014).

However, section 15-1508(d) further provides:

"Except as provided in subsection (c) of Section 15-1508 [which concerns the failure to give notice to a party], no sale under this Article shall be held invalid or be set aside because of any defect in the notice thereof or in the publication of the same, or in the proceedings

of the officer conducting the sale, except upon good cause shown in a hearing pursuant to subsection (b) of Section 15-1508." 735 ILCS 5/15-1508(d) (West 2014).

¶ 34    In the present case, Laz does not argue that he did not receive notice. Accordingly, under section 15-1508(d), any defects in the public notice could only be a basis to set aside the foreclosure sale if Laz had established "good cause." As noted earlier, Laz has not provided a transcript of the hearing on the motion to confirm the sale or the hearing on his motion to reconsider the confirmation of sale. The lack of an adequate record on appeal precludes us from ascertaining what evidence, testimony, or arguments were presented to the trial court. Under these circumstances, this court must presume that the trial court acted in conformity with the law and ruled properly after considering the evidence before it. *Foutch*, 99 Ill. 2d at 392. Thus, we are compelled to affirm the trial court's order confirming the judicial sale.

¶ 35                              III. CONCLUSION

¶ 36    For the reasons stated, we affirm the judgment of the circuit court of Du Page County.

¶ 37    Affirmed.