**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220454-U

Order filed October 31, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Morgan Stanley Ixis Real Estate Capital Trust 2006-2 Mortgage Pass Through Certificates, Series 2006-2 | ) ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois. |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | Appeal No. 3-22-0454 Circuit No. 22-EV-331 |
| BENEDICT LAZ and UNKNOWN OCCUPANTS, | ) ) ) | |
| Defendants | ) ) | The Honorable Joseph T. Bugos, |
| (Benedict Laz, Defendant-Appellant). | ) | Judge, Presiding. |

JUSTICE HETTEL delivered the judgment of the court.
Presiding Justice Holdridge and Justice Peterson concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Trial court properly entered eviction order in favor of property owner and against occupant, who was son of previous owner, despite property owner's failure to issue occupant written demand because written demand was not required.

¶ 2     In 2020, plaintiff Deutsche Bank National Trust Company (Deutsche Bank) became the owner of real property following a foreclosure action against David A. Laz and a judicial sale. In

2022, Deutsche Bank filed an eviction complaint against David's son, Benedict Laz, seeking possession of the property. Benedict filed a motion to dismiss and a motion for summary judgment, arguing that Deutsche Bank did not provide him with a written demand before filing suit against him. The circuit court denied Benedict's motions and entered an eviction order against Benedict. Benedict appeals the eviction order. We affirm.

¶ 3                                                    BACKGROUND

¶ 4        On May 28, 2015, Deutsche Bank instituted a foreclosure action against David Laz for real property located at 2110 Babst Court in Lisle. On March 9, 2018, the circuit court entered a judgment of foreclosure in favor of Deutsche Bank and against David Laz. On February 4, 2020, the property was sold at a sheriff's sale to Deutsche Bank. On March 9, 2020, the circuit court entered an order confirming the sale and an order of possession was entered against David. On the same day, a sheriff's deed was issued to Deutsche Bank. David appealed the judgment of foreclosure, and the appellate court affirmed. *Deutsche Bank National Trust Company v. Laz*, 2021 IL App (2d) 200341-U.

¶ 5        According to affidavits submitted by David and Benedict Laz, Benedict is David's son and began living with him at 2110 Babst Court in 2016. Benedict was not a lessee of the property and was not named as a defendant in the foreclosure suit filed by Deutsche Bank. Deutsche Bank became aware that Benedict was occupying the foreclosed property. Therefore, on February 3, 2022, Deutsche Bank filed a forcible entry and detainer action against Benedict, seeking possession of the property. The complaint alleged that Benedict was occupying the premises when Deutsche Bank became owner of the property and was "unlawfully withhold[ing] possession thereof."

2

¶ 6    On March 15, 2022, Deutsche Bank filed a proof of service and affidavit from a process server. The affidavit stated that the process server attempted to serve the occupants of 2110 Babst Court with the eviction summons and complaint seven times between February 10, 2022, and March 7, 2022, but was unsuccessful because no one would answer the door. Deutsche Bank filed a second proof of service and affidavit from a process server on April 14, 2022. According to those documents, the process server attempted to serve the occupants of 2110 Babst Court on seven occasions from March 25, 2022, to April 11, 2022, but was unsuccessful.

¶ 7    On May 6, 2022, the trial court entered an order allowing service by posting. On the same day, Deutsche Bank filed an affidavit for service by posting. On May 27, 2022, a Du Page County Deputy Sheriff filed an affidavit asserting that he (1) posted a notice in three public places located near the court where the case was to be tried, and (2) mailed one copy to Benedict at 2110 Babst Court.

¶ 8    On June 24, 2022, Benedict filed a motion to dismiss, alleging that the court lacked jurisdiction over him because he was never personally served with a demand for possession of the property. Attached thereto was an affidavit from Benedict, stating that he has been an occupant of 2110 Babst Court since 2016, and was not personally delivered a demand for possession, as required by sections 9-102(a)(6) and 9-104 of the Code of Civil Procedure (Code) (735 ILCS 5/9-102(a)(6), 9-104 (West 2020)), before Deutsche Bank filed its complaint against him. Deutsche Bank filed a response to the motion, asserting that sections 9-102(a)(6) and 9-104 of the Code (*id.*) do not apply because Benedict was not a party to the foreclosure proceeding. Deutsche Bank argued that section 9-102(a)(2) of the Code (*id.* § 9-102(a)(2)) applies and does not require pre-suit demand.

¶ 9　　　　On July 28, 2022, the circuit court entered an order denying Benedict's motion to dismiss. Thereafter, Benedict filed an answer and affirmative defense, asserting that Deutsche Bank was required to issue him a written demand, pursuant to section 9-104 of the Code (*id.* § 9-104), before filing its eviction action against him. Benedict also filed a motion for summary judgment based on Deutsche Bank's alleged noncompliance with section 9-104 of the Code (*id.*). Benedict also filed a motion for substitution of judge.

¶ 10　　　　Following a hearing, the circuit court denied Benedict's motion for substitution of judge. Thereafter, the circuit court denied Benedict's motion for summary judgment. On October 13, 2022, the circuit court entered an eviction order against Benedict and "unknown occupants" of 2110 Babst Court.

¶ 11　　　　　　　　　　　　　　　　　ANALYSIS

¶ 12　　　　Benedict argues that the trial court should not have entered an eviction order against him because Deutsche Bank did not serve him with a written demand to vacate the premises before filing its action. Deutsche Bank responds that no written demand was necessary.

¶ 13　　　　Article IX of the Code governs forcible entry and detainer actions. See 735 ILCS 5/9-101, *et seq.* (West 2020). Section 9-102 of the Code sets forth when such an action may be maintained and provides as follows:

"(a) The person entitled to the possession of lands or tenements may be restored thereto under any of the following circumstances:

(1) When a forcibly entry is made thereon.

(2) When a peaceable entry is made and the possession unlawfully withheld.

(3) When entry is made into vacant or unoccupied lands or tenements without right or title.

4

(4) When any lessee of the lands or tenements, or any person holding under such lessee, holds possession without right after the termination of the lease or tenancy by its own limitation, condition or terms, or by notice to quit or otherwise.

(5) When a vendee having obtained possession under a written or verbal agreement to purchase lands or tenements, and having failed to comply with the agreement, withholds possession thereof, after demand in writing by the person entitled to possession ***.

(6) When lands or tenements have been conveyed by any grantor in possession, or sold under the order or judgment of any court in this State, or by virtue of any sale in any mortgage or deed of trust contained and the grantor in possession or party to such order or judgment or to such mortgage or deed of trust, after the expiration of the time of redemption, when redemption is allowed by law, refuses or neglects to surrender possession thereof, after demand in writing by the person entitled thereto, or his or her agent.

(7) When any property is subject to the provisions of the Condominium Property Act, the owner of a unit fails or refuses to pay when due his or her proportionate share of the common expenses of such property, or of any other expenses lawfully agreed upon or any unpaid fine, the Board of Managers or its agents have served the demand set forth in Section 9-104.1 of this Article in the manner provided for in that Section and the unit owner has failed to pay the amount claimed within the time prescribed in the demand; ***.

(8) When any property is subject to the provisions of a declaration establishing a common interest community and requiring the unit owner to pay regular or special assessments

5

*** or of any other expenses of the association lawfully agreed upon, and the unit owner fails or refuses to pay when due his or her proportionate share of such assessments or expenses and the board or its agents have served the demand set forth in Section 9-104.1 of this Article in the manner provided for in that Section and the unit owner has failed to pay the amount claimed within the time prescribed in the demand." 735 ILCS 5/9-102(a) (West 2020).

¶ 14    Section 9-102(a) of the Code sets out when a demand in writing is necessary to maintain an eviction action. *Vogel v. Dawdy*, 107 Ill. 2d 68, 76 (1985). A demand in writing is required only if the plaintiff brings the action under a subsection that specifically requires it. See *Loekelt v. Stoltz*, 323 Ill. App. 164, 166-67 (1944). Only four of the eight subsections require that demand be given. See *North American Old Roman Catholic Church v. Bernadette*, 253 Ill. App. 3d 278, 291 (1992); 735 ILCS 5/9-102(a)(5) ("after demand in writing"); *id*. § 9-102(a)(6) ("after demand in writing"); *id*. § 9-102(a)(7) ("have served the demand set forth in Section 9-104.1"); *id*. § 9-102(a)(8) ("have served the demand set forth in Section 9-104.1"). No demand is necessary to maintain an action for possession of property under section 9-102(a)(2) of the Code (*id*. § 9-102(a)(2)). *Vogel*, 107 Ill. 2d at 76; *Bernadette*, 253 Ill. App. 3d at 291.

¶ 15    A possessor of property may maintain an action under section 9-102(a)(2) of the Code (735 ILCS 5/9-102(a)(2) (West 2020)) "[w]hen a peaceable entry is made and the possession unlawfully withheld." *Id*. "This language has been construed to mean that a peaceable entry must have been made upon the premises in the actual possession of either the plaintiff, or of those to whose rights he has succeeded." *Layzod v. Martin*, 305 Ill. App. 1, 4 (1940) (citing *West Side Trust & Savings Bank v. Lopoten*, 358 Ill. 631 (1934); *Fitzgerald v. Quinn*, 165 Ill. 354 (1896); *Kaufman v. Miller*, 214 Ill. App. 236 (1918)). A peaceable entry is one without force or violence. See *City of*

6

*Bloomington v. Brophy*, 32 Ill. App. 400, 402 (1889); see also *People v. Wimbley*, 314 Ill. App. 3d 18, 29 (2000) ("Kicking down a door to enter a residence is a forced, not peaceable, entry.").

¶ 16　　　　An action under section 9-102(a)(2) of the Act may be maintained by a plaintiff who succeeded to the rights of a prior owner in whose possession the property was when the defendant entered. See *Winitt v. Winitt*, 339 Ill. App. 75, 77 (1949). An action under this section is proper "when the relationship of landlord and tenant does not exist." *Id.* at 78.

¶ 17　　　　Here, Deutsche Bank brought its eviction action against Benedict after obtaining ownership of the property from David, who was the property owner when Benedict entered the property. Additionally, Benedict stated in his affidavit that he was not a lessee of the property. Therefore, the requirements of section 9-102(a)(2) of the Code (735 ILCS 5/9-102(a)(2) (West 2020) were met. See *Winnit*, 339 Ill. App. 3d at 77-78. Consequently, written demand was not a prerequisite to Deutsche Bank's action. See *Vogel*, 107 Ill. 2d at 76; *Bernadette*, 253 Ill. App. 3d at 291.

¶ 18　　　　Nevertheless, Benedict argues that he was entitled to demand because Deutsche Bank should have brought its action under section 9-102(a)(6) of the Code (735 ILCS 5/9-102(a)(6) (West 2020)), as the owner of the property following a judicial foreclosure sale. We disagree.

¶ 19　　　　Section 9-102(a)(6) of the Code requires a purchaser of property at a judicial sale to make a "demand in writing" to the "party to such order or judgment" who "refuses or neglects to surrender possession thereof." *Id*. Here, Deutsche Bank was the purchaser of the subject property at a foreclosure sale; however, Benedict was not a party to the foreclosure judgment. The foreclosure judgment was issued against Benedict's father, David, not Benedict. Thus, section 9-102(a)(6) of the Code (*id.*) does not apply. Instead, Deutsche Bank properly instituted its eviction action under section 9-102(a)(2) of the Code (*id*. § 9-102(a)(2)), which does not require pre-suit demand. See *Vogel*, 107 Ill. 2d at 76; *Bernadette*, 253 Ill. App. 3d at 291.

7

¶ 20      Finally, Benedict argues that even if written demand was not required by section 9-102 of the Code (*id*. § 9-102), it was required by section 9-104 (*id*. § 9-104). Section 9-104 of the Code provides in pertinent part:

> "The demand required by Section 9-102 of this Act may be made by delivering a copy thereof to the tenant, or by leaving such a copy with some person of the age of 13 years or upwards, residing on, or being in charge of, the premises; or in case no one is in the actual possession of the premises, then by posting the same on the premises; or if those in possession are unknown occupants who are not parties to any written lease, rental agreement, or right to possession agreement for the premises, then by delivering a copy of the notice, directed to 'unknown occupants', to the occupant or by leaving a copy of the notice with some person of the age of 13 years or upwards occupying the premises, or by posting a copy of the notice on the premises directed to 'unknown occupants'. ***." *Id.*

¶ 21      We reject Benedict's contention that section 9-104 of the Code (*id*.) creates a demand requirement. Section 9-104 merely describes how "[t]he demand required by Section 9-102" is to be made. See *id*. "Section 9-104 does not impose a demand or notice requirement that is not otherwise specifically provided for by the particular subpart or subsection of 9-102." *Bernadette*, 253 Ill. App. 3d at 291. Thus, Benedict was not entitled to written demand pursuant to section 9-104 of the Code (735 ILCS 5/9-104 (West 2020)).

¶ 22      Lack of written demand was the only argument Benedict raised to contest the circuit court's order in this case. Because no demand was required, the circuit court properly entered the eviction order against Benedict.

¶ 23                                    CONCLUSION

¶ 24      The judgment of the circuit court of Du Page County is affirmed.

¶ 25        Affirmed.